**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4968**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOHN WAYNE HOWELL,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:11-cr-00076-RLV-DSC-1)

Submitted: August 28, 2014        Decided: October 1, 2014

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank Alan Abrams, LAW OFFICE OF FRANK ALAN ABRAMS, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee .

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Wayne Howell pled guilty pursuant to a plea agreement to one count of conspiracy to commit interstate domestic violence in violation of 18 U.S.C. §§ 371, 2261(a)(2) (2012). The court sentenced Howell to the statutory maximum term of sixty months' imprisonment. Howell appeals,[1] alleging claims of ineffective assistance of counsel and prosecutorial misconduct.[2] We affirm.

Howell asserts on appeal that counsel was ineffective for failing to move to dismiss the indictment, which he contends was defective. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be

_____

[1] The record reflects that Howell filed an untimely pro se appeal, allegedly because counsel failed to file a timely appeal on his behalf. The government has stated, however, that it does not seek to dismiss the appeal as untimely.

[2] In the plea agreement, Howell agreed to waive appeal of his conviction and sentence except for claims asserting ineffective assistance of counsel and prosecutorial misconduct.

2

highly deferential." Id. at 689. Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Moreover, this court may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have reviewed the record and find that ineffective assistance of counsel does not conclusively appear on the record. Accordingly, we may not review this claim on direct appeal.

Next, Howell alleges prosecutorial misconduct, asserting that the government improperly indicted him when there was no evidence that he was guilty of conspiracy and because he was, at worst, a witness to the abuse inflicted on the victim. To prevail on a due process claim of prosecutorial misconduct, the defendant must show both misconduct and resulting prejudice. See United States v. Caro, 597 F.3d 608, 624 (4th Cir. 2010) ("In assessing alleged prosecutorial misconduct, [this court] ask[s] whether the misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." (internal quotation marks omitted)). Our review

3

discloses that Howell's claim is meritless, as he fails to show either misconduct or prejudice.

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4